IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ANITA HOUCHIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   CIV-14-522-D |
| ) | |
| (1) HARTFORD LIFE INSURANCE ) | (*Removed from District Court* |
| COMPANY, ) | *of Oklahoma County* |
| ) | *Case No. CJ-2014-2365)* |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Hartford Life Insurance Company ("Hartford"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-captioned action pending in the District Court of Oklahoma County, Oklahoma, to the United States District Court for the Western District of Oklahoma. The grounds for removal are as follows:

1.   Plaintiff commenced this action entitled *Anita Houchin v. The Hartford Life Insurance Company*, Case No. CJ-2014-2365 (the "Action"), by filing a Petition with the District Court of Oklahoma County, Oklahoma (the "Petition"), on April 24, 2014.

2.   The Petition purports to state claims against Hartford for bad faith (Count I) and false representation and deceit (Count II). In each count Plaintiff seeks against Hartford: (1) compensatory damages in an amount in excess of $75,000 and (2) punitive damages in an amount in excess of $75,000, as well as interest, costs, and attorneys' fees.

3.   The Petition in the Action is attached as Exhibit 1. Copies of all process and pleadings are attached as Exhibits 1 - 6. A copy of the Docket Sheet, Oklahoma

County, Case No. CJ-2014-2365, is attached as Exhibit 7. Hartford is unaware of the existence of any process, pleadings, or orders other than the documents included in Exhibits 1 - 6  Moreover, there are no motions pending before the Oklahoma County District Court in this matter, nor are any hearings currently set.

4. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because Hartford has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

**I. Hartford has satisfied the procedural requirements for removal.**

5. Plaintiff served the Petition on the Insurance Commissioner of the State of Oklahoma. *See* Ex. 2. The Petition was mailed by the Insurance Commissioner to Hartford's service agent, The Corporation Company, on April 30, 2014. *See* Ex. 8. The Petition was received by Hartford's service agent on May 1, 2014. *See* Ex. 9.

6. Because this Notice of Removal is being filed within thirty days of service of the Petition on Hartford's service agent, it is timely under 28 U.S.C. § 1446(b).

7. Under 28 U.S.C. § 1446(a), the United States District Court for the Western District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of Oklahoma County, Oklahoma, where the Action is pending. *See* 28 U.S.C. § 116(c).

8. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

II. **Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.**

9. This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (B) between citizens of different states. Thus, the Action may be removed to this Court by Hartford pursuant to 28 U.S.C. § 1441(a).

   A. **The amount in controversy requirement is satisfied.**

10. It is apparent from the face of the Petition that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interest and costs. *See* Ex. 1, Petition, "WHEREFORE" clauses at pp. 3 & 6 ("Plaintiff, demands judgment against this Defendant, Hartford Life Insurance Company, in an amount in excess of $75,000.00 for compensatory damages and in an amount in excess of $75,000.00 for punitive damages plus interest, costs, attorney fees and all other relief which the Court deems just and equitable.").

11. The assertions regarding damages in the Petition are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. 28 U.S.C. § 1446(c)(2).

   B. **Complete diversity of citizenship exists between Plaintiff and Hartford.**

12. Hartford is a corporation incorporated in Connecticut with its principal place of business in Simsbury, Connecticut. *See* Ex. 10, Declaration of Andrew J.

Morris. For purposes of determining diversity jurisdiction, Hartford is therefore a citizen of Connecticut.

13. Upon information and belief, Plaintiff is a citizen of Oklahoma. *See* Ex. 10, Declaration of Andrew J. Morris.

14. As shown by Exhibit 10 and its supporting exhibits, Plaintiff resides and is domiciled in Oklahoma:

> A. Plaintiff and her husband own property—including a residence—located at 1816 Kings Rd., Ardmore, Oklahoma, 73401 (the "Property"). According to the Carter County Assessor's Office, the Property has not been transferred within the previous five (5) years.
>
> B. On February 4, 2013, Hartford received a Proof of Loss form from Plaintiff, dated January 31, 2013, by Plaintiff. Plaintiff listed her mailing address as the Property for purposes of her "Beneficiary" information.
>
> C. The Certificate of Death for the decedent, Plaintiff's mother—the alleged insured of the insurance policy upon which this lawsuit is predicated—lists Plaintiff's mailing address as the Property.
>
> D. Property records reveal that Plaintiff and her husband have owned the Property since at least January 2002, at which time Plaintiff and her husband mortgaged the Property with Wells Fargo Home Mortgage.
>
> E. Plaintiff is a registered voter in Carter County, Oklahoma.

15. Based on the foregoing and upon information and belief, Plaintiff is a citizen of Oklahoma. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

16. Hartford reserves the right to amend or supplement this Notice of Removal.

17. Hartford reserves all defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b).

18. Written notice of the filing of this Notice of Removal will be given to Plaintiff and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Hartford removes this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

Respectfully submitted this 20th day of May, 2014.

*s/ Jodi W. Dishman*
Jodi W. Dishman, OBA # 20677
Andrew J. Morris, OBA # 31658
McAfee & Taft A Professional Corporation
211 North Robinson, 10th Floor
Oklahoma City, OK 73102
Telephone:   (405) 235-9621
Facsimile:   (405) 235-0439
E-mail:   jodi.dishman@mcafeetaft.com
          andrew.morris@mcafeetaft.com

ATTORNEYS FOR DEFENDANT
HARTFORD LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

Steven S. Mansell
Mark A. Engel
Kenneth G. Cole

ATTORNEYS FOR PLAINTIFF

Additionally, I hereby certify that a true and correct copy of the above and foregoing was sent by U.S. Postal Service this 20th day of May, 2014, to:

Steven S. Mansell
Mark A. Engel
Kenneth G. Cole
MANSELL, ENGEL & COLE
101 Park Avenue, Suite 665
Oklahoma City, OK 73102

ATTORNEYS FOR PLAINTIFF

/s/ *Jodi W. Dishman*
Jodi W. Dishman