FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR 2 4 2014

TIM RHODES
COURT CLERK

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| ANITA HOUCHIN, | |
|---|---|
| Plaintiff, | |
| v. | Case No: CJ- 2014 - 2365 |
| THE HARTFORD LIFE INSURANCE COMPANY, | JURY TRIAL DEMANDED |
| | ATTORNEY LIEN CLAIMED |
| Defendant. | |

## PETITION

COMES NOW the Plaintiff, and for her causes of action against the Defendant alleges and states:

### COUNT I - BAD FAITH

1. Plaintiff and Plaintiff's mother, Dorothy Kendrick, purchased a $75,000 life insurance policy on the life of Dorothy Kendrick from The Hartford Life Insurance Company, policy no. 679783241.

2. Plaintiff, Anita Houchin, was a beneficiary under this policy.

3. On December 8, 2012, Dorothy Kendrick passed away.

4. Plaintiff timely made a claim for policy benefits and has otherwise complied with all conditions precedent to receiving policy benefits.

5. Defendant breached the contract and the implied covenant of good faith and fair dealing in the insurance contract, as a matter of standard business practice, in the following respects:

   a. failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that she was entitled to those benefits;


EXHIBIT 1

b.  failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

c.  withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

d.  refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

e.  refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

f.  refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g.  failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

h.  not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

i.  forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

j.  failing to properly evaluate any investigation that was performed;

k.  refusing to consider the reasonable expectations of the insured;

l.  failing and refusing to properly investigate and consider the insurance coverage promised to their insured; and,

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to the Defendant, Hartford Life Insurance Company.

6.  As a direct result of the above described wrongful acts and omissions by Hartford Life Insurance Company, Plaintiff has suffered loss of the coverage promised by Hartford Life Insurance Company, mental and emotional distress, costs to mitigate damages and other damages.

7.  Defendant's acts and omissions were willful and malicious or grossly reckless and wanton and Plaintiff is entitled to recover punitive damages.

**WHEREFORE**, Plaintiff, demands judgment against this Defendant, Hartford Life Insurance Company, in an amount in excess of $75,000.00 for compensatory damages and in an amount in excess of $75,000.00 for punitive damages plus interest, costs, attorney fees and all other relief which the Court deems just and equitable.

**COUNT II – FALSE REPRESENTATION AND DECEIT**

Plaintiff realleges all previous allegations and further alleges and states:

8.  The factual detail and particular who, what, when, and where, associated with this cause of action is set forth in this paragraph with as much specificity as is currently known to the Plaintiff. On or about February 2007, the Plaintiff Anita Houchin was with her mother, Dorothy Kendrick at her mother's home in Ardmore, Oklahoma, where she lived with her husband. Ms. Houchin and her mother had received a letter dated January 5, 2007 from The Hartford along with a rate schedule, an insurance disclosure, and an application coupon for them to fill out if they were interested in the coverage. Based upon this information, the Plaintiff and her mother decided to buy this policy of insurance and to have it drafted from their checking account. Anita Houchin and Dorothy Kendrick were both on this checking account. In purchasing the insurance and maintaining the premiums, Anita Houchin and her mother, Dorothy Kendrick, relied upon the information in the letter, the accompanying page, and the policy certificate. The letter from Hartford indicated that tragic accidents could happen to anyone at any time and that in seconds, your family's future and security could turn upside down. The Hartford recommended increasing their accidental death and dismemberment coverage to supplement their family's financial security. Mrs. Kendrick was already over 70 years old at the time of this letter. The letter indicates that she could take advantage of a special enrollment period to increase her

coverage and that if she increased her coverage to $75,000 her monthly premium would be $8.25. The letter urged Mrs. Kendrick and Ms. Houchin to act now to improve their family's financial security. It indicated that this special enrollment offer allowed them to increase their coverage emphasizing "WITH NO QUESTIONS ASKED". (Emphasis in the original). The express language of the offer indicated that it would provide coverage for tragic accidents that could happen to anyone. The sales information wholly fails to disclose that a person's current health condition, current age, or susceptibility to accidental death as a result of their existing health status would in any way affect their eligibility for coverage for such tragic accidents. The letter indicates that benefits reduce 50% at age 70, but Mrs. Kendrick was already over 70 years old and the letter still represented that she would increase her coverage to $75,000 by payment of $8.25. The letter is written to express that a person was eligible for the coverage without regard to their current health or age and yet the Defendant knows that they routinely deny life benefits under this policy based upon pre-existing health conditions that might make a person more susceptible to dying following an accident. The letter promises to provide added financial security for the family and Mrs. Kendrick and Ms. Houchin decided to pay the $8.25 per month for this coverage of $75,000. At the time that Hartford sent these solicitation materials to Mrs. Kendrick and her family, they knew the very restricted routine practice of their company in actually providing benefits under these life insurance policies. Hartford knew that they routinely denied these accidental life benefits to persons that did not enjoy optimum health. Nevertheless, they represented that the policies were sold with no questions asked, no underwriting or health questions, and broad promises of financial security in the event of tragic accidents. Mrs. Kendrick suffered a tragic accident on December 8, 2012 when she aspirated vomit in the morning and died several hours later. The company's broad promises of financial security in

connection with any tragic accident were not accompanied by any disclosures of information that such an accidental death could be affected by someone's existent health conditions. The promises were made to a woman in her seventies. In fact, the solicitation of materials infer just the opposite. These broad representations of financial security without any other disclosure are particularly poignant in light of the manner in which Hartford actually adjusts and denies claims under these accidental life policies. Hartford's actual criteria and consideration for coverage and provision of this accidental death coverage as a routine practice in the administration of claims under these policies demonstrates the deceit involved in the solicitation materials. Hartford intentionally conveyed that even an elderly person was eligible for coverage ($75,000 of coverage) without regard to health at a time that they knew they would likely deny any accidental health claim on the basis of contributing health issues. Their sales promises are inconsistent with the manner in which they deny claims. Plaintiff will immediately supplement any factual details with specificity that the Plaintiff can identify that are not set forth above.

9.  The described representations were material and false and made at a time when Defendants knew they were false, or made as a positive assertion recklessly, without any knowledge of the truth.

10. The described representations were made with the intention that Plaintiff should act upon them in purchasing and renewing this policy and the Plaintiff did rely upon them to her detriment in the purchase and renewal payments on these life policies.

11. The described representations were words or conduct which created an untrue or misleading impression of the actual past or present facts in the mind of the Plaintiff.

12. The described omissions and non-disclosure involved concealing and failing to disclose facts which Defendants had a duty to disclose. Such facts were material and were

concealed or failed to be disclosed with intent of creating a false impression of the actual facts in the mind of the Plaintiff.

13. Defendants concealed or failed to disclose these facts with the intention that they be acted upon by Plaintiff and Plaintiff did act in reliance upon it to his detriment.

14. The described false representations, concealment and deceit induced the Plaintiff to purchase these insurance policies and Plaintiff, acting in reliance thereon, suffered injury.

15. As a direct result of the described false representations, concealment, and deceit, Plaintiff suffered loss of the policy coverage promised, emotional distress, frustration and duress and other consequential damages.

16. Defendants' acts and omissions in this cause of action were with reckless disregard for the rights of others and/or were done intentionally and with malice and therefore Plaintiff is entitled to recover punitive damages.

17. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays for judgment against the Defendant, The Hartford Insurance Company for her damages, in an amount in excess of $75,000.00 compensatory damages and in an amount in excess of $75,000.00 punitive damages with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate.

MANSELL ENGEL & COLE

By: _____
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
101 Park Avenue, Suite 665
Oklahoma City, Oklahoma 73102
T: (405) 232-4100   F: (405) 232-4140
Email: mansell-engel@coxinet.net
ATTORNEYS FOR PLAINTIFF

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**