# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANITA HOUCHIN, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-14-522-D<br>) |
| HARTFORD LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | )<br>) |

## **O R D E R**

Pursuant to Fed. R. Civ. P. 42(b), Defendants seek to bifurcate the putative trial of this action into a first phase regarding liability and entitlement to compensatory damages, and then, if necessary, a second phase regarding the amount of punitive damages [Doc. No. 63]. Defendant states bifurcation is warranted because knowledge of the possibility of punitive damages and introduction of the factors considered under Oklahoma law in relation to punitive damages would be prejudicial. *Id*. at 2. Plaintiff does not oppose bifurcation, assuming Defendant's request is being made consistent with Oklahoma law [Doc. No. 78].

Rule 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The rule "confers broad discretion upon the district court to bifurcate a trial, thereby

deferring costly and possibly unnecessary proceedings" *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (internal quotation marks omitted); *United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010) (district court possesses broad discretion in deciding whether to bifurcate). "[B]ifurcation of trials is permissible in federal court even when such procedure is contrary to state law." *Shugart v. Central Rural Elec. Co-op.*, 110 F.3d 1501, 1504 (10th Cir. 1997) (quoting *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1435 (10th Cir. 1993)).

The circumstances under which punitive damages are available in a diversity case are governed by state law, *Jones v. United Parcel Service, Inc.*, 674 F.3d 1187, 1200 (10th Cir. 2012), as are the substantive factors upon which an award of punitive damages may be based. *O'Gilvie v. Int'l Playtex, Inc.*, 821 F.2d 1438, 1448 (10th Cir. 1987). Therefore, the procedures by which such damages are assessed, although not controlling, are persuasive. Oklahoma law sets forth a bifurcated procedure the jury must follow in considering actual and punitive damages. Where the jury finds an insurer either (1) recklessly disregarded or (2) intentionally and with malice, breached its duty to deal fairly and act in good faith in denying a claim, the jury, in a separate proceeding conducted after the jury has made such finding and awarded actual damages, addresses what amount of punitive damages, if any, is warranted by the

evidence. *See* 23 OKLA. STAT. § 9.1; *see also Lierly v. Tidewater Petroleum Corp.*, 2006 OK 47, ¶¶ 30-31, 139 P.3d 897, 906. Courts in this circuit have indeed utilized the procedure in determining whether punitive damages should be awarded. *See, e.g., Bannister v. State Farm Mut. Auto Ins. Co.*, 692 F.3d 1117, 1124-25 (10th Cir. 2012) (noting district court followed Oklahoma's two-step procedure under § 9.1 in assessing punitive damages).

In light of Plaintiff's non-opposition, and given that bifurcation here does not raise serious efficiency concerns, as the same jury that decides liability and entitlement to punitive damages may also decide the amount of punitive damages, the Court finds Defendant's motion should be granted. Moreover, judicial resources are best conserved by addressing punitive damages during a second phase of the trial. Lastly, the Court finds Defendant will be protected from any undue prejudice.

## CONCLUSION

Accordingly, Defendant's Motion to Bifurcate [Doc. No. 63] is **GRANTED** insofar as it seeks bifurcation with the first phase on liability and compensatory damages and the second phase, if necessary, on the amount of punitive damages.

IT IS SO ORDERED this  11th  day of January, 2016.

*[signature]*

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE