# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANITA HOUCHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-522-D |
| | ) |
| HARTFORD LIFE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## **O R D E R**

Before the Court is Defendant's Consolidated Motion in Limine [Doc. No. 74], to which Plaintiff has submitted her response in opposition [Doc. No. 81]. The matter is fully briefed and at issue.

### BACKGROUND

The facts of the present case are more fully set out in the Court's Order granting in part and denying in part Defendant's Motion for Summary Judgment [Doc. No. 21], and will not be restated at length. In summary, Dorothy Kendrick, Plaintiff's mother, elected to receive a $1,000 complimentary Accidental Death and Dismemberment (AD&D) insurance policy from First National Bank & Trust Company. Defendant subsequently became the new insurance carrier and informed Ms. Kendrick she could increase the amount of her coverage up to $300,000. Ms. Kendrick elected to receive $25,000 in additional coverage and named Plaintiff as

beneficiary. The enrollment forms, as well as the Certificate of Insurance, contained the provision that the afforded benefits would reduce by 50% if/once the insured was age 70 or older. At the time she elected to receive the additional coverage, Ms. Kendrick was 81 years old.

Ms. Kendrick subsequently passed away after aspirating something into her lungs. Plaintiff submitted a claim, which was denied on the basis that Ms. Kendrick's death was caused by sickness and not an "injury" as that term was defined under the policy. Plaintiff filed suit, alleging Defendant breached the implied covenant of good faith and fair dealing by, among other things, failing to properly investigate the claim and obtain adequate information. Plaintiff also alleged Defendant's solicitation letter to her mother was fraudulent in that it promised coverage for accidents, although, according to Plaintiff, Defendant failed to disclose that a person's health, age, or health status would affect their eligibility for coverage.

As to the fraud claim, the Court granted Defendant's Motion for Summary Judgment on the grounds that Plaintiff failed to establish an issue for trial on the essential elements of fraudulent misrepresentation and detrimental reliance. The Court, however, denied Defendant's motion on the issue of bad faith as it determined Plaintiff had made a minimally sufficient showing from which a reasonable juror could find Defendant did not undertake an appropriate and thorough investigation,

and did not have a reasonable basis to deny the claim.

Defendant now seeks to prohibit Plaintiff from introducing certain evidence and arguments at trial.

### STANDARD OF DECISION

Although motions in limine are not formally recognized under the Federal Rules, district courts have long recognized the potential utility of pretrial rulings under the courts' inherent powers to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2nd Cir. 1996)). Although such pretrial rulings can save time and avoid interruptions at trial, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence plainly is 'inadmissible on all potential grounds' . . . and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Id.* (citations omitted); *see also Hawthorne Partners v. AT & T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)

3

("Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

A court's rulings are subject to change as the case unfolds or at its judicial discretion. *Luce*, 469 U.S. at 41. Some in limine rulings, like those involving relevance under Rule 403, "are necessarily preliminary because the required balancing may be reassessed as the evidence actually comes in." *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir.1996) (citation omitted). Hence, "[a] district court may change its ruling at any time for whatever reason it deems appropriate." *Id*. (quotation omitted).

## DISCUSSION

### I. PHOTOGRAPHS OF THE INSURED

Defendant first moves to exclude evidence of two photographs Plaintiff intends to produce, one of Ms. Kendrick and the other of Plaintiff and Ms. Kendrick together. Defendant claims such evidence is irrelevant and any admission would be prejudicial. Plaintiff contends the jury is entitled to see Ms. Kendrick and Defendant has not met its burden of showing admission would be *unfairly* prejudicial. The Court agrees with Defendant that the photographs should be excluded. The remaining issue at trial is whether Defendant committed bad faith in evaluating Plaintiff's claim. To establish

4

her bad-faith claim, Plaintiff must show (1) she was covered under the Policy and Defendant was required to take reasonable actions in handling the claim, (2) Defendant's actions were unreasonable under the circumstances, (3) Defendant failed to deal fairly and act in good faith in handling Plaintiff's claim, and (4) Defendant's breach/failure was the direct cause of Plaintiff's damages. *Badillo v. Mid Century Ins. Co.*, 2005 OK 48, ¶ 25, 121 P.3d 1080, 1093. Under this standard, the Court can conceive no plausible reason as to why photographs of Ms. Kendrick would be relevant to any element of Plaintiff's claim. Accordingly, in light of the remaining issues, the Court finds such evidence inadmissible and should be excluded.

**II. THOUGHTS OF THE INSURED REGARDING AMOUNT OF COVERAGE**

Defendant next seeks to exclude any statement from Ms. Kendrick regarding how much coverage she believed she had purchased. Defendant contends such evidence is speculative, not supported by the record, hearsay, and irrelevant. Plaintiff contends this evidence is relevant and admissible under the state of mind exception to the hearsay rule. Plaintiff also contends Defendant has failed to meet its burden of showing admission would be unfairly prejudicial. Upon review of the parties' arguments, it appears to the Court that the evidence at issue relates to Plaintiff's fraud claim, which was dismissed by the Court. As noted above, the remaining issue in this

5

case is Plaintiff's bad faith claim. Evidence of Ms. Kendrick's belief as to the amount of coverage she had is irrelevant to the aforementioned elements governing the bad faith claim. Accordingly, such evidence is inadmissible and shall be excluded.

### III. NURSING HOME RECORDS

Defendant requests that this Court instruct Plaintiff or her counsel to refrain from making any reference to documents not provided in discovery, specifically, any records from the nursing home where Ms. Kendrick resided prior to her death. The Court finds this request to be premature. The gravamen of Plaintiff's bad faith claim is that Defendant overlooked material facts relating to her claim and a more thorough investigation would have produced relevant information. *Timberlake Const. Co. v. U.S. Fidelity and Guar. Co.*, 71 F.3d 335, 345 (10th Cir.1995). Such information does not necessarily entail only information produced during discovery. To the extent Defendant has specific objections at trial to the introduction of certain pieces of evidence, particular exhibits, or the questioning of any witness regarding the same, the Court shall hear those contemporaneous objections at the appropriate time.

### IV. PLAINTIFF'S BELIEF ON THE CAUSE OF DEATH

Defendant seeks an order precluding Plaintiff from offering an opinion that Ms. Kendrick's death was caused from aspirating vomit. Although Plaintiff herself will not be allowed to offer a definitive opinion on the cause of death, which she does not

intend to do, evidence of aspiration is nonetheless relevant to her bad faith claim. The Court reserves until the appropriate time during trial its ruling on any proffered evidence regarding aspiration.

## V. EVIDENCE OF OTHER LAWSUITS

Defendant requests this Court exclude introduction of media reports and an unpublished legal opinion regarding other lawsuits in which Defendant or its related companies were Defendants. Plaintiff states she does not intend to introduce such evidence, unless Defendant places such information at issue. Ruling on this issue is therefore deferred until the record is more fully developed.

## VI. PRIOR SETTLEMENT DISCUSSIONS

Defendant seeks to exclude evidence of prior settlement negotiations by the parties. Plaintiff states she does not intend to introduce such evidence at trial, unless Defendant places such evidence at issue. Ruling on this issue is therefore deferred until the record is more fully developed.

## VII. DEFENDANT'S CORPORATE STATUS

Defendant seeks to preclude reference of its corporate status, namely, its financial capacity or any implication it has fewer rights than a natural person. Plaintiff does not intend to make comments or arguments regarding Defendant's status or wealth. However, as the parties note, certain financial information is relevant to any

assessment of punitive damages. *Deters v. Equifax Credit Information Services, Inc.*, 202 F.3d 1262, 1273 (10th Cir. 2000). Ruling on this issue is therefore deferred to the second phase of trial.[1]

**VIII. PUNITIVE DAMAGES DURING LIABILITY PHASE**

In relation to the above, Defendant seeks to exclude all evidence "concerning" punitive damages during the liability phase of trial. The Court finds this request is overly broad and, at this juncture, should be denied. In *DeSanto v. Rowan Univ.*, 224 F. Supp. 2d 819, 833 (D.N.J. 2002), the district court denied a similar request from the defendant and the Court finds its rationale persuasive. Granting Defendant's request here carries the danger of prohibiting Plaintiff from introducing evidence that is necessary to prove her *prima facie* case of bad faith. *Compare DeSanto*, 224 F. Supp. 2d at 833. Thus, the Court will not grant Defendant's request to preclude Plaintiff from introducing *any* evidence "concerning" punitive damages. To the extent Defendant has specific objections at trial to the introduction of certain pieces of evidence, particular exhibits, or the questioning of any witness regarding the issue, the Court shall hear those contemporaneous objections at the appropriate time. *See id*.

---

[1] The Court granted Defendant's Motion to Bifurcate the trial insofar as it sought bifurcation with the first phase on liability and compensatory damages and the second phase, if necessary, on the amount of punitive damages [Doc. No. 86].

## IX. ATTORNEY'S FEES

Defendant moves to exclude evidence concerning the amount of attorney's fees or attorney time and resources expended or incurred by Plaintiff and her counsel. Plaintiff states she has no intention of presenting such evidence unless Defendant places it at issue. Therefore, ruling on this issue is deferred until the record is more fully developed.

## X. MS. KENDRICK'S LIFE INSURANCE POLICY

Lastly, Defendant seeks to exclude evidence concerning Ms. Kendrick's life insurance policy, which was not issued by Defendant. Plaintiff has no objection to the relief requested, and Defendant's motion on this issue is therefore granted.

## CONCLUSION

In sum, and subject to the requirements of the Federal Rules of Evidence and subsequent developments, the Court's rulings are as follows:

1. Photographs of the Insured – Inadmissible;

2. Thoughts of the Insured Regarding Amount of Coverage – Inadmissible;

3. Nursing Home Records – To be determined at trial;

4. Plaintiff's Belief as to the Cause of Death – To be determined at trial regarding aspiration;

5. Evidence of Other Lawsuits – To be determined at trial;

9

6. Evidence of Prior Settlement Discussions – To be determined at trial;

7. Defendant's Corporate Status – To be determined at punitive damages phase, if any;

8. Punitive Damages During Liability Phase – Denied;

9. Evidence of Attorney's Fees – To be determined at trial;

10. Ms. Kendrick's Life Insurance Policy – Inadmissible.

**IT IS THEREFORE ORDERED** that Defendant's Motion in Limine [Doc. No. 74] is **GRANTED IN PART** and **DENIED IN PART** as set forth herein. With respect to any reserved ruling, the Court cautions counsel to approach the bench and seek a ruling before eliciting any challenged evidence or testimony.

**IT IS SO ORDERED** this 22nd day of March, 2016.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE